UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**ALLEN LEON RIBAS, et al.,**
**Plaintiff,**

**v.**                                                                                     **CIVIL NO. 02-2585 (DRD)**

**PONCE YACHT AND FISHING CLUB INC., et al,**
**Defendant**

## OMNIBUS ORDER

| MOTION | RULING |
|---|---|
| **Date Filed: 09/07/04**<br>**Docket # 63**<br>[] **Plaintiff**    [X] **Other**<br>[] **Defendant**<br>**Title:** Motion to Intervene | **GRANTED in part DENIED in part. Granted** as to the instant motion to remain sealed under the custody of the Clerk of Court. **Denied** as to request for intervention. See ruling at Docket No. 96. |
| **Date Filed: 09/07/04**<br>**Docket #64**<br>[] **Plaintiff**    [X] **Other**<br>[] **Defendant**<br>**Title:** Motion to Intervene Regarding the Distribution of the Contingent Attorney's Fees and Expenses Submitted Under Seal by Conventional Means by McConnell Valdes | **DENIED** as to request to intervene. It is well known that according to Puerto Rico Law there is no attorney's lien on client's proceeds even if a there is an underlying dispute as to attorney's fees. *See* In re Velez, 103 D.P.R. 590, 599 (1975); Cornier v. Tribunal Superior, 96 D.P.R. 253, 255 (1968). Finally, see ruling at Docket No. 96. |
| **Date Filed: 09/13/04**<br>**Docket #68**<br>[] **Plaintiff**    [X] **Other**<br>[] **Defendant**<br>**Title:** Motion to Submit Certified Translation of Exhibit Supporting the Motion to Intervene Regarding the Distribution of the Contingent Attorney's Fees and Expenses | **NOTED.** The Court notes that certified translations have been submitted. |

| | |
|---|---|
| **Date Filed: 11/17/04**<br>**Docket #85**<br>[X] **Plaintiff**  [] **Other**<br>[] **Defendant**<br>**Title:** Motion Requesting Disbursement of Funds | **GRANTED.** The Clerk of Court is **INSTRUCTED** to disburse the amount deposited in the instant case, Account No. 4007133656, plus interest less registry fees payable to the Order of **Allen Leon Ribas**. |
| **Date Filed: 11/17/04**<br>**Docket #86**<br>[] **Plaintiff**  [X] **Other**<br>[] **Defendant**<br>**Title:** Motion in Compliance With Order to Show Cause and in Support of the Intervention Petition | **NOTED.** The Court notes compliance with the Order to Show Cause issued. |
| **Date Filed: 05/12/05**<br>**Docket #96**<br>[] **Plaintiff**  [X] **Other**<br>[] **Defendant**<br>**Title:** Motion Requesting Leave of Court for an In Chambers Review of the Sealed Settlement Agreement | **DENIED.** As stated at Docket No. 64, in Puerto Rico there is no attorney's lien over its client's proceeds hence McConnell does not has a vested interest nor a right to conduct an In Chambers review of the Sealed Settlement Agreement signed by the parties to the instant case. Said agreement is a private stipulation entered into by the parties in interest to the controversy. The Court has reviewed the Sealed Settlement Agreement entered into by the parties, and affirms to McConnell Valdes that within the stipulation document none of terms and conditions as stipulated thereat relates to contingent fees or any fees between plaintiffs and its counsel. **In other words, the terms and conditions of the sealed settlement agreement are devoid of any stipulation which will provide that contingent fees would be paid to counsel from the amount to be paid to plaintiff as a settlement amount except that the contract states that each party shall bear their own costs and attorney's fees.** Should McConnell Valdes sustain that it is entitled to attorney's fees relating to the instant case, it shall proceed with an independent claim for collection of monies and/or breach of contract or any other cause of action that it may find appropriate. *See* <u>Sanchez Acevedo v. ELA</u>, 125 DPR 432, 440 n.7 (1990). |

| | |
|---|---|
| **Date Filed: 06/07/05** <br> **Docket #98** <br> [] **Plaintiff**     [X] **Other** <br> [] **Defendant** <br> **Title:** Motion Requesting Leave of Court to Reply to Plaintiff's Opposition to In Chambers Review of the Sealed Settlement Agreement | **DENIED/MOOT.** See ruling at Docket Nos. 63, 64, and 96. |

    **IT IS SO ORDERED.**
In San Juan, Puerto Rico this 22nd day of July 2005.

                                         **S/DANIEL R. DOMINGUEZ**
                                          **DANIEL R. DOMINGUEZ**
                                            **U.S. DISTRICT JUDGE**